## IN THE UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY KINSER and DONNA KINSER<br><br>                              Plaintiffs,<br><br>       v.<br><br>ANCHOR PACKING COMPANY, et al.,<br><br>                              Defendants. | Case No. 94-2282 |

## PRE-TRIAL ORDER

This matter having come before the court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Robert G. McCoy of Cascino Vaughan Law Offices having appeared as counsel for the plaintiffs, and Jacob Sawyer of Foley & Mansfield, Sandra Ezell of Bowman and Brooke, and Paula Burlison of Bowman and Brooke having appeared as counsel for the defendant CBS Corporation, the following action was taken:

## I. NATURE OF ACTION AND JURISDICTION

This is an action for damages allegedly resulting from personal injury due to asbestos exposure and the jurisdiction of the Court is invoked under 28 U.S.C. §1332.  The jurisdiction of the Court is not disputed.

Statement of case (for jury):   This claim is brought by Plaintiffs Larry Kinser and Donna Kinser against defendant CBS Corporation, the legal successor to Westinghouse Corporation.  Larry

1

Kinser claims to have suffered lung problems caused by exposure to asbestos and cigarette smoking. Plaintiffs contend Westinghouse is responsible for some portion of his asbestos exposure.  Plaintiffs claim damages for the injuries they contend were caused by this exposure. Defendant denies that Mr. Kinser was exposed to asbestos containing products for which Westinghouse is responsible.  Defendant claims Mr. Kinser's lung problems were caused by his smoking.  Defendant also denies that Mr. Kinser is entitled to all the damages associated with other non-lung diseases which he now claims.  Defendant claims that if Mr. Kinser was exposed to asbestos, and that exposure was a substantial factor in causing his alleged lung problem, that there will be no proof it was from a Westinghouse source.

## II. JOINT STATEMENT

A. JURISDICTION : See above.  Not contested.

B. UNCONTESTED ISSUES OF FACT:

    1. Plaintiff Larry Kinser was born on February 15, 1934.

    2. Beginning in July 1962, Larry Kinser was a member of the Plumbers & Pipefitters Local No. 149, based in Champaign, Illinois.

    3. CBS/Westinghouse was contracted to and did build turbine units at the Zion Nuclear Powerhouse.

    4. The owner and operator of the Zion powerhouse was Commonwealth Edison.

C. CONTESTED ISSUES OF FACT:

    See attached.

2

D. CONTESTED ISSUES OF LAW:

See attached.

E. JURY DEMAND: A Jury had been demanded and fees paid by defendant.

## III. PLAINTIFF'S STATEMENT

A. ITEMIZED STATEMENT OF DAMAGES

1. Medical bills in the amount of $121,004.64 for dates of service from 1999 to 2011 for lung problems.

2. Medical bills in the amount of $90,162.08 for aggravation of the heart condition suffered by Mr. Kinser.

3. Reduction of pension benefits for early retirement before age 70.

The damages claimed by plaintiff are all contested by the defendant.

## IV. WAIVER OF CLAIMS OR DEFENSES

Omitted

## V. EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

A.  Contested facts and issues of law

B.  Plaintiff's Witness List

C.  Defendant's Witness List

D.  Plaintiff's Exhibit List

E.  Defendant's Exhibit List

F.  Proposed Jury Instructions (Joint)

G.  Plaintiff's Proposed Instructions

H.  Defendant's Proposed Instructions

I.  Testimony Designations - no stipulations

J.  Other stipulations

## VI. GENERAL ADDITIONAL

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

The plaintiff is limited to 7 expert witnesses whose names and qualifications have been disclosed to the defendants. The defendants are limited to 7 expert witnesses whose names and qualifications have been disclosed to the plaintiff.

Any Trial Briefs or Motions in limine must be filed as directed by the Court but in no event less than 14 days prior to trial.

4

The parties reserve the right to object to exhibits, including as to authenticity, and will submit specific objections after the parties exchange exhibits and in accordance with applicable deadlines set by the court.  Defendant intends to use a timeline of plaintiff's life as a demonstrative aid as well as pictures and animations to display the workings of a turbine.  Plaintiffs' demonstratives include a medical timeline, medical illustrations and diagrams, slide presentations associated with expert witness testimony, pipecovering demonstration, pipecovering and gastket videos.  The parties reserve objections to proposed demonstratives, including but not limited to on the basis of foundation.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly showed to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of the trial will not exceed 11 full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such

modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.
    s/Harold A. Baker

    JUDGE HAROLD A. BAKER
    12/20/13
ENTERED:


APPROVED AS TO FORM AND SUBSTANCE:
s/Robert G. McCoy

Attorney for the Plaintiff
s/Jacob D. Sawyer

Attorney for CBS Corporation