E-FILED
Tuesday, 17 December, 2013  02:50:52 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT A**

### Section II(C): Defendant's Contested Issues of Fact

1. Whether Larry Kinser was exposed to any asbestos associated with the CBS/Westinghouse turbines at the Zion Nuclear Power Plant.

2. Larry Kinser began smoking cigarettes in 1948.

3. Larry Kinser quit his smoking habit in 1984.

4. Scientific and medical literature regarding the health risks of smoking were publicly-available decades prior to Mr. Kinser's quit date in 1984.

5. The Surgeon General issued its first report on the health risks of smoking in 1964.

6. The 1964 Surgeon General's report was widely publicized by print, radio and television media.

7. In 1966, the Surgeon General required the following warning label to be included on all cigarette packs: "Caution: Cigarette Smoking May be Hazardous to Your Health."

8. In 1970, the Surgeon General required the following warning label to be included on all cigarette packs: "Warning: The Surgeon General Has Determined that Cigarette Smoking is Dangerous to Your Health."

9. Smoking is hazardous to health.

10. Smoking causes numerous cancers, including, but not limited to, oropharynx, larynx, esophagus, trachea, bronchus, lung, acute myeloid leukemia, stomach, pancreas, kidney, ureter, cervix and bladder.

11. Smoking causes numerous chronic diseases, including, but not limited to, stroke, blindness, cataracts, periodontitis, aortic aneurysm, coronary heart disease, pneumonia, artherosclerotic peripheral vascular disease, chronic obstructive pulmonary disease ("COPD"), asthma, other respiratory issues, hip fractures, and reproductive effects in women (including reduced fertility).

12. Second-hand smoke is hazardous to health.

13. In adults, second-hand smoke causes nasal irritation, lung cancer, coronary heart disease, and reproductive effects in women (including low birth weight).

14. Tobacco use is the leading preventable cause of premature death in the United States.

15. More than 1,000 people are killed every day by cigarettes.

16. Cigarettes are responsible for approximately 443,000 deaths every year in the United States, representing 20% of all deaths.

7237806v1

**EXHIBIT A**

17. One-half of all long-term smokers are killed by smoking-related diseases.

18. There is no risk-free level of exposure to cigarette smoke.

19. Commonwealth Edison retained Sargent & Lundy as its architecture and engineering firm to build the Zion Nuclear Power Plant.

20. Sargent & Lundy prepared the specifications for all machinery and insulation to be installed in the Zion Nuclear Power Plant.

21. CBS/Westinghouse relied upon Sargent & Lundy's turbine insulation specifications for designing turbines for Zion.

22. Commonwealth Edison and Sargent & Lundy required that Sargent & Lundy's insulation specifications be included in CBS/Westinghouse's design drawings for turbines at Zion.

23. CBS/Westinghouse manufactured and supplied a power generation turbine, number 13A3501 ("Turbine 1"), to Commonwealth Edison for use at the Zion Nuclear Power Plant in May 1971 and it became operational in June 1973.

24. CBS/Westinghouse manufactured and supplied a power generation turbine, number 13A3601 ("Turbine 2"), to Commonwealth Edison for use at the Zion Nuclear Power Plant in December 1971 and it became operational on December 26, 1973.

25. During the construction of CBS/Westinghouse Turbine 1 and Turbine 2, Sargent & Lundy's insulation specifications were modified and the original specifications that required asbestos-containing insulation were replaced by specifications that required asbestos-free insulation.

26. CBS/Westinghouse adopted the new Sargent & Lundy specifications and asbestos-free insulation was applied to CBS/Westinghouse Turbine 1 and Turbine 2 constructed at the Zion Nuclear Power Plant.

27. The Occupational Safety and Health Act ("OSHA") was signed into law by President Richard Nixon on December 29, 1970.

28. The 1970 OSHA standards adopted the Federal standard for asbestos under the Walsh-Healey Public Contracts Act and contained a permissible exposure limit to airborne asbestos.

29. The OSHA standards were updated in June 1972 and contained requirements applicable to employers to establish workplace warnings, ventilation, medical examinations, and other procedures for controlling exposure to airborne asbestos.

30. The primary purpose of the 1970 and 1972 OSHA standards as relates to airborne asbestos exposure was to protect employees.

7237806v1

**EXHIBIT A**

31. OSHA does not only develop standards relating to asbestos. Over the years, it has been expanded to create standards for employers to protect employees from a multitude of workplace hazards related to many topics, including, but not limited to, moving surfaces, ventilation systems, occupational noise exposure, radiation, flammable liquids, hazardous waste and personal protective equipment.

32. Larry Kinser worked at Shell Oil in Wood River, Illinois on five to six occasions for a total of one and a half to two years.  Larry Kinser was not exposed to any asbestos-containing products supplied by CBS/Westinghouse at Shell Oil.

33. In the late 1980's or early 1990's, Shell Oil began cordoning off areas during insulation removal because workers were getting asbestosis.

34. Donna Kinser finally quit smoking in 1994.

35. Larry Kinser's treating physician, Dr. Scanlon, describes Mr. Kinser as cured of his adenocarcinoma.

7237806v1

**EXHIBIT A**

**Section II(D): Defendant's Contested Issues of Law**

- CBS/Westinghouse expects to file a motion for directed verdict arguing that Plaintiffs' evidence fails to support the applicable legal standard for recovery. Specifically, Plaintiffs' evidence fails to establish that exposure to any CBS/Westinghouse product was a substantial, contributing factor in causing Plaintiffs' alleged asbestos-related injury.  Thus, Plaintiffs' proof of CBS/Westinghouse-specific causation fails as a matter of law.  CBS/Westinghouse incorporates, by reference, the facts and legal argument contained within its Motion, Memorandum of Law in Support of, and Reply to its Fed. R. Civ. P. 56(c) Motion for Summary Judgment.

- Whether Plaintiffs are entitled to recover for damages associated with lung cancer and whether Plaintiffs may present evidence of the same.

- CBS/Westinghouse also incorporates, by reference, its Motions *in Limine* Nos. 1 through 12, filed September 9, 2013 and December 11, 2013.

- CBS/Westinghouse states that the prejudice from a jury hearing about, for example, other incidents, is a bell that cannot be un-rung.  Thus, where the Court concludes that it is not currently in a position to grant a motion *in limine* regarding other incidents and defers the issue until it is presented at trial, CBS/Westinghouse respectfully requests an order that Plaintiffs must provide reasonable notice to the Court and CBS/Westinghouse before attempting to introduce such evidence, so that the Court and CBS/Westinghouse may have the opportunity to address such proffered evidence outside the presence of the jury, and that no mention of any alleged "other incidents" may occur either in jury selection, opening, or otherwise in the presence of the venire or empaneled jury until the Court has ruled that such evidence my properly be mentioned.  CBS/Westinghouse suggests a reasonable notice requirement of 24 hours.

- Whether the sole proximate cause of the injury(ies) to Plaintiffs were the conduct of some person or entity other than CBS/Westinghouse.

- Whether any injuries or damages allegedly sustained by Plaintiffs was directly or proximately caused not by any direct or indirect act or omission of CBS/Westinghouse, but were the result of intervening and/or superseding acts or omissions of other parties or non-parties over whom CBS/Westinghouse had no control, including, but not limited to, Larry Kinser's employers.

- Whether Larry Kinser assumed the risk of any injuries allegedly sustained as a result of exposure to products containing asbestos and is, therefore, barred from recovery in this action.  Whether Larry Kinser knew or reasonably should have known of the presence of asbestos at the places where he worked, and the possible risk of injury from exposure to such substances.

7183416v1

**EXHIBIT A**

- Whether Larry Kinser was more than fifty percent at fault for his injury(ies) and, therefore, under modified comparative negligence, he may not recover damages.

7183416v1

## Exhibit A: Plaintiff's Contested Issues of Fact and Statements of Law

### Plaintiff's Contested Issues of Fact

1. Mr. Kinser smoked cigarettes from 1949 to 1984.
2. Larry Kinser was a member from 1962 to [present?] of the Plumbers & Pipefitters Local No.149, based in Champaign, Illinois.
3. CBS Corporation is the legal successor responsible for the actions of Westinghouse Corporation..
4. Westinghouse had a steam turbine division based in Lester, Pennsylvania near Pittsburgh.
5. The owner of the Zion powerhouse is Commonwealth Edison.
6. Construction of the turbines began in1969.
7. Construction of the turbines was completed by about April, 1973, for the first unit and November, 1973, for the second unit.
8. Westinghouse had contracts with Edison to install the turbines. No copy of the contracts can be found.
9. Westinghouse prepared written specifications or drawings for the turbine construction which are evidence in this case.
10. The project engineer working on the original construction of Zion powerhouse for Commonwealth Edison was Sargent and Lundy, an engineering firm based in Chicago.
11. After the original construction of the Zion powerhouse turbines, regular repair and maintenance work was required.
12. Mr. Kinser worked as a pipefitter on maintenance and repair at Zion for several months in 1974.
13. The amount of medical bills for care and treatment of lung cancer are $121,004.64.
14. When and what Westinghouse knew about the dangers of asbestos
15. Whether asbestos insulation was used in the erection of the Zion turbines. [subject to plaintiff's motion for collateral estoppel].
16. What responsibility Westinghouse had over safety of work during the outage at Zion in about 1974
17. Whether Mr. Kinser was exposed to asbestos during his work at Zion.
18. Whether Mr. Kinser was exposed to asbestos during work on other Westinghouse products.
19. Whether Mr. Kinser's lung cancer is related to asbestos exposure.
20. The duration and amount of cigarettes smoked by Mr. Kinser.
21. Whether Mr. Kinser has medical conditions other than lung cancer which are unrelated to asbestos exposure.
22. Them amount of damages suffered in the past by Mr. Kinser.
23. The future damages of Mr. Kinser.

### Plaintiff's Contested Statements of Law

1. Whether defendant failed to adequately warn Larry Kinser, his coworkers, or his employers of the health hazards of asbestos;

2. Whether defendant failed to adequately investigate or test for the health effects of the asbestos-containing products or equipment;
3. Whether defendant failed to adequately instruct Larry Kinser, his coworkers, or his employers, about precautionary measures necessary to prevent asbestos exposures;
4. Whether defendant failed to exercise reasonable care in designing, manufacturing, or supplying unsafe asbestos-containing products or asbestos-containing equipment instead of substitute materials
5. Whether defendant failed to safely direct work over which the defendant retained some control of the safety of the work.
6. Whether collateral estoppel applies to bar relitigation of the asbestos content of the insulation materials used during original construction of the Zion turbines.
7. Whether exposure to asbestos for which Westinghouse is legally responsible was a cause of Mr. Kinser's lung cancer.
8. The percentage, if any, of contributory negligence by Mr. Kinser for causing his lung cancer.
9. The admissibility into evidence of other health conditions of Mr. Kinser.
10. Whether Mr. Kinser's other health conditions were aggravated by asbestos exposure.