E-FILED
Tuesday, 17 December, 2013 02:50:55 PM
Clerk, U.S. District Court, ILCD

DRAFT 12/17/13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Case No. 94-2282

KINSER et al v. ANCHOR PACKING
COMPANY et al

*Remanded from PA-ED 08-CV-92034*

### Plaintiff's Proposed Jury Instructions and Verdict Forms

| | | |
|---|---|---|
| 1. | 7th Cir. PI 1.01 | Functions of the Court and Jury |
| 2. | 7th Cir. PI 1.02 | No Inference From Judge's Questions |
| 3. | 7th Cir. PI 1.04 | Evidence |
| 4. | 7th Cir. PI 1.05 | Deposition Testimony |
| 5. | 7th Cir. PI 1.06 | What is Not Evidence |
| 6. | 7th Cir. PI 1.07 | Note Taking |
| 7. | 7th Cir. PI 1.08 | Consideration of All Evidence Regardless of Who Produced |
| 8. | 7th Cir. PI 1.09 | Limited Purpose of Evidence |
| 9. | 7th Cir. PI 1.11 | Weighing the Evidence |
| 10. | 7th Cir. PI 1.12 | Definition of "Direct" and "Circumstantial" Evidence |
| 11. | 7th Cir. PI 1.13 | Testimony of Witnesses: Deciding What to Believe |
| 12. | 7th Cir. PI 1.14 | Prior Inconsistent Statements |
| 13. | 7th Cir. PI 1.16 | Lawyer Interviewing Witness |
| 14. | 7th Cir. PI 1.17 | Number of Witnesses |
| 15. | 7th Cir. PI 1.18 | Absence of Evidence |

| 16. | 7th Cir. PI 1.21 | Expert Witnesses |
|-----|------------------|------------------|
| 17. | 7th Cir. PI 1.24 | Demonstrative Evidence |
| 18. | 7th Cir. PI 1.27 | Burden of Proof (withdrawn as redundant of Pltf # 34) |
| 19. | 7th Cir. PI 1.31 | No Need to Consider Damages Instruction. |
| 20. | 7th Cir. PI 1.32 | Selection Of Presiding Juror; General Verdict |
| 21. | 7th Cir. PI 1.33 | Communication With Court |
| 22. | 7th Cir. PI 2.04 | Stipulated Testimony |
| 23. | 7th Cir. PI 2.05 | Stipulations of Fact |
| 24. | 7th Cir PI 2.08 | Depositions as  Substantive Evidence |
| 25. | IPI 3.03 | Insurance/Benefits |
| 26. | IPI 10.01 | Negligence – Adult – Definition |
| 27. | IPI 10.02 | Ordinary Care – Adult – Definition |
| 28. | IPI 10.04 | Duty to Use Ordinary Care –  Adult – Defendant |
| 29. | IPI 55.01 | Construction Negligence – Work Entrusted To Another |
| 30. | IPI 55.02 | Construction Negligence – Duty |
| 31. | IPI 12.04 | Concurrent Negligence Other than Defendant's |
| 32. | IPI 15.01 | Proximate Cause – Definition |
| 33. | IPI 20.01 | Issues Made by the Pleadings – Negligence |
| 34. | IPI 21.01 | Meaning of Burden of Proof |
| 35. | B21.02 | Burden of Proof on the Issues  – Negligence |
| 36. | IPI 30.01 | Measure of Damages Personal & Property (Larry Kinser) |
| 37. | IPI 30.01 | Measure of Damages Personal & Property (Donna Kinser) |

| 38. | IPI 30.04.01 | Measure of Damages – Loss of a Normal Life |
|-----|--------------|--------------------------------------------|
| 39. | IPI 30.04.02 | Loss of a Normal Life – Definition |
| 40 | IPI 30.04.03 | Increased Risk of Harm--Measure of Damages |
| 41. | IPI 30.04.04 | Increased Risk of Harm--Calculation |
| 43 | IPI 30.05 | Measure of Damages – Pain and Suffering – Past and Future |
| 44. | IPI 30.05.01 | Measure of Damages – Emotional Distress – Past and Future |
| 45. | IPI 30.06 | Measure of Damages – Medical  Expense – Past and Future – Adult  Plaintiff |
| 46. | IPI 30.09 | Measure of Damages – Caretaking Expenses, Necessary Help Past and Future – Adult Plaintiff |
| 47. | IPI 30.21 | Measure of Damages--Personal Injury--Aggravation of Pre-Existing Condition--No Limitations |
| 48. | IPI 32.01 | Measure of Damages--Injury to Spouse or Family Member |
| 49. | IPI 32.04 | Measure of Damages--Injury to Spouse--Loss of Consortium |
| 50. | IPI 34.01 | Damages Arising in the Future – Extent and Amount |
| 51. | IPI 34.02 | Damages Arising in the Future – Discount to Present Cash Value |
| 52. | IPI 34.04 | Damages Arising in the Future – Mortality |
| 53. | IPI B45.03 | Instruction on Use of Verdict Forms – Negligence Only - Single Plaintiff and Multiple Tortfeasors (modified) |
| 54. | IPI B45.03.A | Verdict Form A (Larry Kinser) - Single Plaintiff and Claimed Multiple Torfeasors |
| 55. | IPI B45.03.A | Verdict Form A (Donna Kinser) - Single Plaintiff and Claimed Multiple Torfeasors |
| 56. | IPI B45.03.B | Verdict Form B (Larry Kinser) -Single Plaintiff and Defendant - Contributory Negligence - More than 50% (modified for one defendant) |

57.   IPI B45.03.B         Verdict Form B (Donna Kinser) – Single Plaintiff and Defendant -
                           Contributory Negligence - More than 50% (modified for one
                           defendant)

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice /fear/public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Instruction No. 1
7th Cir. PI 1.01   Functions Of The Court And The Jury
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Proposed Instruction No. 2
7th Cir. PI 1.02   No Inference From Judge's Questions
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Instruction No. 3
7th Cir. PI 1.04   Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

During the trial, certain testimony was presented to you by the reading of a deposition/depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Proposed Instruction No. 4
7th Cir. PI 1.05   Deposition Testimony
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Instruction No. 5
7th Cir. PI 1.06   What Is Not Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

.
Plaintiff's Proposed Instruction No. 6
7th Cir. PI 1.07   Note-Taking
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Instruction No. 7
7th Cir. PI 1.08   Consideration Of All Evidence Regardless Of Who Produced
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Instruction No. 8
7th Cir. PI 1.09   Limited Purpose Of Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Instruction No. 9
7th Cir. PI 1.11   Weighing The Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Proposed Instruction No. 10
7th Cir. PI 1.12   Definition Of "Direct" And "Circumstantial" Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Instruction No. 11
7th Cir. PI 1.13   Testimony Of Witnesses (Deciding What To Believe)
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You may consider statements given by any witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Instruction No. 12
7th Cir. PI 1.14   Prior Inconsistent Statements [Or Acts]
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Instruction No. 13
7th Cir. PI 1.16   Lawyer Interviewing Witness
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Instruction No. 14
7th Cir. PI 1.17   Number Of Witnesses
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Instruction No. 15
7th Cir. PI 1.18   Absence Of Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Instruction No. 16
7th Cir. PI 1.21   Expert Witnesses
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Instruction No. 17
7th Cir. PI 1.24  Demonstrative Exhibits
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Instruction No. 18
7th Cir. PI 1.27   Burden Of Proof
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Plaintiff's Proposed Instruction No. 19
7th Cir. PI 1.31 No Need to Consider Damages Instruction
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Plaintiff's Proposed Instruction No. 20
7th Cir. PI 1.32   Selection Of Presiding Juror; General Verdict
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Proposed Instruction No. 21
7th Cir. PI 1.33   Communication With Court
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The parties have stipulated or agreed what *[name's]* testimony would be if *[name]* were called as a witness. You should consider that testimony in the same way as if *[name]* had given the testimony here in court.

Plaintiff's Proposed Instruction No. 22
7th Cir. PI 2.04.   Stipulated Testimony
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

Plaintiff's Proposed Instruction No. 23
7th Cir. PI 2.05.   Stipulations Of Facts
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Plaintiff's Proposed Instruction No. 24
7th Cir. PI 2.08.   Deposition As Substantive Evidence
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

Plaintiff's Proposed Instruction No. 25
IPI 3.03        Insurance/Benefits
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Plaintiff's Proposed Instruction No. 26

IPI 10.01      Negligence--Adult--Definition

Agreed: _____ Disputed: _____ Agreed with modifications: _____

Given: _____ Refused: _____ Given with modifications: _____

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Plaintiff's Proposed Instruction No. 27
IPI 10.02          Ordinary Care–Adult–Definition
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff. That means it was the duty of the defendant to be free from negligence.

Plaintiff's Proposed Instruction No. 28
IPI 10.04        Duty To Use Ordinary Care--Adult--Defendant
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

    A contractor who entrusts work to others can be liable for injuries resulting from the work if the owner contractor retained some control over the safety of the work and the injuries were proximately caused by the contractor's failure to exercise that control with ordinary care.

Plaintiff's Proposed Instruction No. 29
IPI 55.01 Construction Negligence--Work Entrusted To Another
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

A party who retained some control over the safety of the work has a duty to exercise that control with ordinary care.

Plaintiff's Proposed Instruction No. 30
IPI 55.02 Construction Negligence--Duty
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

Plaintiff's Proposed Instruction No. 31
IPI 12.04        Concurrent Negligence Other Than Defendant's
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Plaintiff's Proposed Instruction No. 32
IPI 15.01        Proximate Cause–Definition
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Separate claims are filed by Larry Kinser and Donna Kinser. Plaintiffs claim that they was injured and sustained damage, and that the defendant acted or failed to act in one or more of the following respects, when the defendant knew or should have known about the health risks of asbestos during his alleged exposures to asbestos at the Zion Nuclear Powerhouse.

First, failing to adequately warn Larry Kinser, his coworkers, or his employers of the health hazards of asbestos;

Second, failing to adequately investigate or test for the health effects of the asbestos-containing products or equipment;

Third, failing to adequately instruct Larry Kinser, his coworkers, or his employers, about precautionary measures necessary to prevent asbestos exposures;

Fourth, failing to exercise reasonable care in designing, manufacturing, or supplying unsafe asbestos-containing products or asbestos-containing equipment instead of substitute materials; or

Fifth, failing to safely direct work over which the defendant retained some control of the safety of the work.

Plaintiffs further claim that one or more of the foregoing was a proximate cause of their injuries.

[Defendant's statement to be added]

Plaintiff's Proposed Instruction No. 33
IPI 20.01        Issues Made By The Pleadings–Negligence–One Or More Defendants
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

Plaintiff's Proposed Instruction No. 34
IPI 21.01        Meaning of Burden of Proof
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Plaintiffs have  the burden of proving each of the following propositions:

 First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiffs were injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiffs.

If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiffs were contributorily negligent.

 As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiffs acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiffs were negligent;

B: That the plaintiffs' negligence was a proximate cause of their injury;

If you find from your consideration of all the evidence that the plaintiffs have proved all the propositions required of the plaintiffs and that the defendant has not proved both of the propositions required of the defendant, then your verdict shall be for the plaintiffs and you shall not reduce plaintiffs' damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiffs' contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant.

If you find from your consideration of all the evidence that the plaintiffs have proved all the propositions required of the plaintiffs and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiffs' contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the plaintiffs and you shall reduce the plaintiffs' damages in the manner stated to you in these instructions.

Plaintiff's Proposed Instruction No. 35
IPI B21.02 Burden of Proof on the Issues--Negligence— One Plaintiff and One Defendant—
Contributory Negligence an Issue

Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you decide for Larry Kinser on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant, taking into consideration the nature, extent and duration of the injury and the aggravation of any pre-existing ailment or condition.

Past and Future Loss of Normal Life
Shortened Life Expectancy
Past and Future Pain and Suffering
Past and Future Emotional Distress
Past and Future Medical Expenses
Past and Future Caretaking Expenses
Past and Future Value of Benefits Lost

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Proposed Instruction No. 36
IPI 30.01        Measure of Damages--Personal and Property
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you decide for Donna Kinser on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant, taking into consideration the nature, extent and duration of the injury.

Loss of Society

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's' Proposed Instruction No. 37
IPI 30.01        Measure of Damages--Personal and Property
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

Loss of a normal life experienced and reasonably certain to be experienced in the future.

Plaintiff's Proposed Instruction No. 38
IPI 30.04.01  Measure of Damages–Disability/Loss of a Normal Life
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Plaintiff's Proposed Instruction No. 39
IPI 30.04.02   Loss of a Normal Life–Definition
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The increased risk of future lung cancer and mesothelioma resulting from the injury.

Plaintiff's Proposed Instruction No. 40
IPI 30.04.03 Increased Risk of Harm--Measure of Damages
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

To compute damages for increased risk of future lung cancer and mesothelioma only, you must multiply the total compensation to which the plaintiff would be entitled if lung cancer or mesothelioma were certain to occur by the proven probability that lung cancer or mesotheliona will in fact occur.

[You do not reduce future damages by this formula if those damages are more [likely than not] [probably true than not true] to occur.]

Plaintiff's Proposed Instruction No. 41
IPI 30.04.04 Increased Risk of Harm--Calculation
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

[Withdrawn]

Plaintiff's Proposed Instruction No. 42 [Withdrawn]
IPI 30.04.05   Measure of Damages–Shortened Life Expectancy

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

Plaintiff's Proposed Instruction No. 43
IPI 30.05   Measure of Damages--Pain and Suffering–Past and Future
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The emotional distress experienced and reasonably certain to be experienced in the future.

Plaintiff's Proposed Instruction No. 44
IPI 30.05.01   Measure of Damages–Emotional Distress–Past and Future
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

Plaintiff's Proposed Instruction No. 45
IPI 30.06   Measure of Damages–Medical Expense–Past and Future–Adult Plaintiff
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The reasonable expense of necessary help and the present cash value of such expense reasonably certain to be required in the future.

Plaintiff's Proposed Instruction No. 46
IPI 30.09   Measure of Damages–Caretaking Expenses, Necessary Help–Past and Future–Adult Plaintiff, Emancipated Minor, or Minor Whose Parent Has Assigned Claim to Minor
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from [an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.

Plaintiff's Proposed Instruction No. 47
IPI 30.21 Measure of Damages--Personal Injury--Aggravation of Pre-Existing Condition--No Limitations
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you decide for Donna Kinser on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages arising out of injuries to her husband proved by the evidence to have resulted from the negligence of the defendant.

Loss of society

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Proposed Instruction No. 48
IPI 32.01 Measure of Damages--Injury to Spouse or Family Member
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

The reasonable value of the society of Donna Kinser's husband of which she has been deprived and the society of her husband of which she is reasonably certain to be deprived in the future.

Plaintiff's Proposed Instruction No. 49
IPI 32.04 Measure of Damages--Injury to Spouse--Loss of Consortium
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

If you find that the plaintiff is entitled to damages arising in the future because of injuries or because of future medical and caretaking expenses or because of loss of society, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue.  If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiffs are likely to live.

Plaintiff's Proposed Instruction No. 50
IPI 34.01   Damages Arising in the Future–Extent and Amount
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

In computing the damages arising in the future because of future medical and caretaking expenses and benefits lost, you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses at the time in the future when the expenses must be paid.

Damages for pain and suffering, disability, loss of a normal life, and loss of society are not reduced to present cash value.

Plaintiff's Proposed Instruction No. 51
IPI 34.02   Damages Arising in the Future–Discount to Present Cash Value
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

According to a table of mortality in evidence, the life expectancy of a male aged 79 years is 8.5 years and a female aged 67 years is 15.9 years. This figure is not conclusive. It is the average life expectancy of persons who have reached the age of 79 or 67. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiffs in this case, including evidence of their occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Proposed Instruction No. 52
IPI 34.04  Damages Arising in the Future–Mortality Tables as Evidence of Damages--Injury Case
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdicts must be unanimous.

Forms of verdicts for each claim are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms and return them to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The parties in this case are

Plaintiffs: Larry and Donna Kinser
Defendant: CBS Corporation as successor to Westinghouse Corporation

If you find for Larry Kinser and against CBS/Westinghouse and if you further find that Larry Kinser was not contributorily negligent, then you should use Verdict Form A, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Donna Kinser and against CBS/Westinghouse and if you further find that Donna Kinser was not contributorily negligent, then you should use Verdict Form A2, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find for Larry Kinser and against CBS/Westinghouse and if you further find that Larry Kinser's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Larry Kinser's contributory negligence, and that Larry Kinser's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Donna Kinser and against CBS/Westinghouse and if you further find that Donna Kinser's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Donna Kinser's contributory negligence, and that Donna Kinser's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A2, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find in favor of defendant or that Larry Kinser's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

If you find in favor of defendant or that Donna Kinser's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B2.

Plaintiffs' Instruction No. 53
IPI B45.03 Instruction on Use of Verdict Forms—Negligence Only--Single Plaintiff and Multiple
Claimed Tortfeasors (modified)
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

VERDICT FORM A

We, the jury, find for Larry Kinser and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of Larry Kinser or the legal responsibility of other entities, we find that the total amount of damages suffered by Larry Kinser as a proximate result of the occurrence in question is          $_____

     itemized as follows:

The reasonable expense of past medical and medically related expenses:     $_____

The present cash value of the reasonable expenses of medical care, treatment, and services reasonably certain to be received in the future:          $_____

The loss of a normal life experienced and reasonably certain to be experienced in the future:          $_____

Increased risk of lung cancer or mesothelioma:          $_____

Shortened life expectancy:          $_____

The pain and suffering experienced and reasonably certain to be \ experienced in the future as a result of the injuries:          $_____

The emotional distress experienced and reasonably certain to be experienced in the future:          $_____

The value of benefits lost and reasonably certain to be lost in the future:     $_____

PLAINTIFF'S TOTAL DAMAGES:          $_____

Second: Assuming that 100% represents the total combined legal responsibility of all entities that proximately caused Larry Kinser's injury, we find the percentage of legal responsibility attributable to each as follows:

a) Larry Kinser          _____%

b) CBS/Westinghouse          _____%

c)  Other          _____%

Third: After reducing plaintiff's total damages from paragraph First by the percentage of negligence attributable, if any, of Larry Kinser in paragraph Second, we award Larry  Kinser recoverable damages in the amount of  $_____ .

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Plaintiffs' Proposed Instruction No. 54
I.P.I. B45.03.A Verdict Form A (Larry Kinser) - Single Plaintiff claimed multiple tortfeasors
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

VERDICT FORM A2

We, the jury, find for Donna Kinser and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of
damages due to the negligence of Donna Kinser or legal responsibility
of other entities, we find that the total amount of damages suffered
by Donna Kinser as a proximate result of the occurrence in question is        $_____

    itemized as follows:

Loss of society:                                                              $_____


PLAINTIFF'S TOTAL DAMAGES:                                                    $_____


Second: Assuming that 100% represents the total combined legal responsibility of all entities that
proximately caused Donna Kinser's injury, we find the percentage of legal responsibility attributable
to each as follows:

a)  Donna Kinser                                             _____%

b)  CBS/Westinghouse                                         _____%

c)  Other                                                    _____%


    Third: After reducing plaintiff's total damages from paragraph First by the percentage of
negligence attributable, if any, of  Donna Kinser in paragraph Second, we award Donna Kinser
recoverable damages in the amount of  $_____ .


_____        _____

_____        _____

_____        _____

_____        _____

_____          _____

Plaintiffs' Proposed Instruction No. 55
I.P.I. B45.03.A   Verdict Form A (Donna Kinser) - Single Plaintiff claimed multiple tortfeasors
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

VERDICT FORM B

We, the jury, find for the defendant CBS/Westinghouse and against the plaintiff Larry Kinser.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Plaintiffs' Proposed Instruction No. 56
I.P.I. B45.03.B   Verdict Form B (Larry Kinser) – Single Plaintiff and Defendant -
Contributory Negligence - More than 50% (modified for one defendant)
Agreed: \_\_\_\_ Disputed: \_\_\_\_ Agreed with modifications: \_\_\_\_
Given: \_\_\_\_ Refused: \_\_\_\_ Given with modifications: \_\_\_\_

VERDICT FORM B2

We, the jury, find for the defendant CBS/Westinghouse and against the plaintiff Donna Kinser.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Plaintiffs' Proposed Instruction No. 57
I.P.I. B45.03.B   Verdict Form B (Donna Kinser) – Single Plaintiff and Defendant - Contributory Negligence - More than 50% (modified for one defendant)
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

**E-FILED**
Tuesday, 17 December, 2013 02:50:15 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT H**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| LARRY A. KINSER, et al., | |
| Plaintiffs, | |
| v. | Case No. 94-2282 |
| ANCHOR PACKING COMPANY., et al., | |
| Defendants. | |

**Defendant CBS Corporation's Proposed Jury Instructions**

The submission of these instructions in no way acts as an admission or waiver of any position of CBS. In addition, CBS specifically preserves its position that the submission of jury instructions in no way concedes or admits that any or all issues covered under the proposed instructions are supported by the evidence or otherwise properly presented to a jury. CBS reserves the right to propose additional instructions and to conform instructions to the evidence presented at trial.

| Index to CBS Corporation's Proposed Jury Instructions | | |
|---|---|---|
| 1 | 7th Cir. PI 1.01 | Functions of the Court and the Jury |
| 2 | 7th Cir. PI 1.02 | No Inference from Judge's Questions |
| 3 | 7th Cir. PI 1.03 | All Litigants Equal Before the Law |
| 4 | 7th Cir. PI 1.04 | Evidence |
| 5 | 7th Cir. PI 1.05 | Deposition Testimony |
| 6 | 7th Cir. PI 1.06 | What is Not Evidence |
| 7 | 7th Cir. PI 1.07 | Note-Taking |
| 8 | 7th Cir. PI 1.08 | Consideration of All Evidence Regardless of Who Produced |
| 9 | 7th Cir. PI 1.09 | Limiting Purpose of Evidence |
| 10 | 7th Cir. PI 1.11 | Weighing the Evidence |
| 11 | 7th Cir. PI 1.12 | Definition of "Direct" and "Circumstantial Evidence" |
| 12 | 7th Cir. PI 1.13 | Testimony of Witnesses (Deciding What to Believe) |
| 13 | 7th Cir. PI 2.04 | Stipulated Testimony |
| 14 | 7th Cir. PI 2.05 | Stipulations of Fact |
| 15 | 7th Cir. PI 2.06 | Judicial Note |

| Index to CBS Corporation's Proposed Jury Instructions | | |
|---|---|---|
| 16 | 7th Cir. PI 1.14 | Prior Inconsistent Statements or Acts |
| 17 | 7th Cir. PI 1.18 | Absence of Evidence |
| 18 | 7th Cir. PI 1.21 | Expert Witnesses |
| 19 | 7th Cir. PI 2.08 | Depositions as Substantive Evidence |
| 20 | 7th Cir. PI 2.09 | Use of Interrogatories |
| 21 | IPI 2.04 | Limiting Instruction – Expert Testifies to Matters Not Admitted in Evidence |
| 22 | IPI 21.01 | Burden of Proof |
| 23 | IPI B21.02 | Burden of Proof on the Issues – Negligence – One Plaintiff, One Defendant – Contributory Negligence an Issue |
| 24 | Non-pattern | Burden of Proof on the Issues - Asbestos |
| 25 | IPI 10.01 | Negligence - Definition |
| 26 | IPI 10.02 | Ordinary Care |
| 27 | IPI 15.01 | Proximate Cause - Definition |
| 28 | Non-pattern | Proximate Cause – Warnings |
| 29 | IPI 12.04 | Concurrent Negligence Other than Defendant's |
| 30 | Non-pattern | Substantial Factor |
| 31 | Non-pattern | Substantial Factor |
| 32 | Non-pattern | Substantial Factor - Considerations |
| 33 | IPI B21.03 | Burden of Proof on the Issues – Affirmative Defenses |
| 34 | 7th Cir. PI 1.31 | No Need to Consider Damages |
| 35 | IPI 30.01, 30.04.01, 30.04.05, 30.05, 30.06 | Measure of Damages – Personal |
| 36 | IPI 30.04.02 | Loss of a Normal Life |
| 37 | IPI 34.02 | Damages Arising in the Future – Discount to Present Cash Value |
| 38 | IPI 34.04 | Damages Arising in the Future – Mortality Tables as Evidence of Damages |
| 39 | 7th Cir. PI 1.32 | Selection of Presiding Juror; General Verdict Form |
| 40 | 7th Cir. PI 1.33 | Communication with the Court |
| 41 | 7th Cir. PI 1.34 | Disagreement Among Jurors |

Defendant reserves the right to submit additional instructions.

DATED, this the _____ day of December, 2013.

2

INSTRUCTION NO. _____

**Functions of the Court and the Jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendant's Proposed Instruction No. 1

<u>Authority</u>:  7th Cir. PI 1.01

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**No Inference from Judge's Questions**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendant's Proposed Instruction No. 2

Authority:  7th Cir. PI 1.02

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**All Litigants Equal Before the Law**

In this case, the Defendant is a corporation.  All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Defendant's Proposed Instruction No. 3

<u>Authority</u>: 7th Cir. PI 1.03

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Defendant's Proposed Instruction No. 4

<u>Authority</u>:  7th Cir. PI 1.04

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Deposition Testimony**

During the trial, certain testimony was presented to you by the reading of a deposition and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Defendant's Proposed Instruction No. 5

<u>Authority</u>:  7th Cir. PI 1.05

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

7

INSTRUCTION NO. _____

**What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's Proposed Instruction No. 6

Authority:  7th Cir. PI 1.06

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant's Proposed Instruction No. 7

Authority:  7th Cir. PI 1.07

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendant's Proposed Instruction No. 8

<u>Authority</u>:  7th Cir. PI 1.08

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Limiting Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendant's Proposed Instruction No. 9

Authority:  7th Cir. PI 1.09

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

11

INSTRUCTION NO. _____

**Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant's Proposed Instruction No. 10

Authority:  7th Cir. PI 1.11

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Definition of "Direct" and "Circumstantial Evidence"**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant's Proposed Instruction No. 11

<u>Authority</u>:  7th Cir. PI 1.12

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

13

INSTRUCTION NO. _____

**Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendant's Proposed Instruction No. 12

Authority:  7th Cir. PI 1.13

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Stipulated Testimony**

The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness.  You should consider that testimony in the same way as if [name] had given the testimony here in court.

Defendant's Proposed Instruction No. 13

Authority:  7th Cir. PI 2.04

Given___x____ Refused_____

Agreed:_____ Not Agreed:_____ Agreed with modifications:_____

INSTRUCTION NO. _____

**Stipulations of Fact**

The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.

Defendant's Proposed Instruction No. 14

<u>Authority</u>:  7th Cir. PI 2.05

Agreed:__x___ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Judicial Note**

I have decided to accept as proved the fact that [e.g., the city of Milwaukee is north of the city of Chicago]. You must now treat this fact has having been proved for the purpose of this case.

Defendant's Proposed Instruction No. 15

<u>Authority</u>:  7th Cir. PI 2.06

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Prior Inconsistent Statements or Acts**

You may consider statements given by the parties or witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Defendant's Proposed Instruction No. 16

Authority:  7th Cir. PI 1.14

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant's Proposed Instruction No. 17

<u>Authority</u>:  7th Cir. PI 1.18

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Expert Witnesses**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Defendant's Proposed Instruction No. 18

<u>Authority</u>:  7th Cir. PI 1.21

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Depositions as Substantive Evidence**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Defendant's Proposed Instruction No. 19

Authority:  7th Cir. PI 2.08

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Use of Interrogatories**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Defendant's Proposed Instruction No. 20

<u>Authority</u>:  7th Cir. PI 2.09

Agreed:__ x __ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Limiting Instruction—Expert Testifies to Matters Not Admitted in Evidence**

I am allowing the witness to testify in part to [books] [records] [articles] [statements] that have not been admitted in evidence. This testimony is allowed for a limited purpose. It is allowed so that the witness may tell you what he/she relied on to form his/her opinion[s]. The material being referred to is not evidence in this case and may not be considered by you as evidence. You may consider the material for the purpose of deciding what weight, if any, you will give the opinions testified to by this witness.

Defendant's Proposed Instruction No. 21

Authority:  IPI 2.04

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Burden of Proof**

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

Defendant's Proposed Instruction No. 22

<u>Authority</u>:  IPI 21.01

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. ___

**B21.02 Burden of Proof on the Issues--Negligence—Contributory Negligence an Issue**

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of his injury.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has not proved both of the propositions required of the defendant, then your verdict shall be for the plaintiff and you shall not reduce plaintiff's damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the plaintiff and you shall reduce the plaintiff's damages in the manner stated to you in these instructions.

Defendant's Proposed Instruction No. 23
Authority:  IPI B21.02
Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____
Given_____ Refused_____

25

INSTRUCTION NO. _____

**Burden of Proof on the Issues – Asbestos**

Plaintiff has the burden of proving, by a preponderance of the evidence, the following:

(1)     That Plaintiff had or does have an asbestos-related illness, disease, or condition;

(2)     Plaintiff was exposed to asbestos-containing products manufactured by the Defendant, Westinghouse; and

(3)     That the exposure to asbestos-containing products manufactured by Westinghouse was a substantial factor in causing Plaintiff's illness, disease, or condition.

Defendant's Proposed Instruction No. 24

Authority:  Non-pattern. *See Thacker v. UNR Indus., Inc.,* 151 Ill.2d 343 (IL 1992), 603 N.E.2d 449 (IL 1992); *see also Nolan v. Weil-McLain*, 233 Ill.2d 416 (IL 2009), 910 N.E.2d 549 (IL 2009).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Negligence – Definition**

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Defendant's Proposed Instruction No. 25

Authority:  IPI 10.01

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Ordinary Care**

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

Defendant's Proposed Instruction No. 26

<u>Authority</u>:  IPI 10.02

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Proximate Cause – Definition**

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Plaintiff's alleged injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Defendant's Proposed Instruction No. 27

Authority:  IPI 15.01

Agreed:___x___ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Proximate Cause – Warnings**

To show proximate cause as to a failure to warn claim, Plaintiff must show that the presence of the warnings and instructions that Plaintiff claims should have been given by Westinghouse would have prevented Plaintiff's damages had they been given.

Defendant's Proposed Instruction No. 28

<u>Authority</u>: Non-pattern. *Broussard v. Houdaille Indus., Inc.,* 183 Ill. App. 3d 739, 539 N.E.2d 360 (First District 1989); *Kirstein v. W.M. Barr & Co., Inc.,* 983 F. Supp. 753, 762 (N.D. Ill. 1997).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Concurrent Negligence Other than Defendant's**

More than one person may be to blame for causing an injury. If you decide that the Defendant was negligent and that its negligence was a proximate cause of injury to Plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you instead decide that the sole proximate cause of injury to Plaintiff was the conduct of some person or causative factor other than the Defendant, then your verdict should be for the Defendant.

Defendant's Proposed Instruction No. 29

Authority:   IPI 12.04 (modified by *its* and *instead* and *or causative factor*); *Ready v. United/Goedecke Servs.,* 238 Ill. 2d 582, 591 (Ill. 2010)

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Substantial Factor**

To establish causation as to Westinghouse, Plaintiff must show that he was exposed to a Westinghouse product containing asbestos, and his exposure to that product was a substantial factor in causing Plaintiff's illness.

Defendant's Proposed Instruction No. 30

Authority:  Non-pattern.  *Thacker v. UNR Indus., Inc.,* 151 Ill.2d 343, 354 (IL 1992), 603 N.E.2d 449 (IL 1992); *Nolan v. Weil-McLain,* 233 Ill.2d 416 (IL 2009), 910 N.E.2d 549 (IL 2009).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Substantial Factor**

To prove that Westinghouse products were a substantial factor causing Plaintiff's injury, Plaintiff must establish more than minimal, infrequent exposure to a Westinghouse product Plaintiff must prove that he regularly worked in an area where a Westinghouse product that contained asbestos was frequently used and that he worked sufficiently close to this area so as to come into contact with the Westinghouse product at issue.

Defendant's Proposed Instruction No. 31

Authority:  Non-pattern.  *Thacker v. UNR Indus., Inc.,* 151 Ill.2d 343 (IL 1992), 603 N.E.2d 449 (IL 1992); *Nolan v. Weil-McLain,* 233 Ill.2d 416 (IL 2009), 910 N.E.2d 549 (IL 2009).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Substantial Factor - Considerations**

If you believe Plaintiff has established by a preponderance of the evidence that any Westinghouse product to which he was exposed contained asbestos, then in considering whether exposure to that Westinghouse product was a substantial factor in causing Plaintiff's illness, you should consider: the expanse of Plaintiff's workplace; the type of asbestos used in the Westinghouse product and its aerodynamic qualities; the extent, frequency, and duration of time the Plaintiff was exposed to the Westinghouse product; the way in which the Westinghouse product's asbestos was used; and medical evidence relating to Plaintiff's specific illness.

Defendant's Proposed Instruction No. 32

Authority:  Non-pattern. *Thacker v. UNR Indus., Inc.,* 151 Ill.2d 343 (IL 1992), 603 N.E.2d 449 (IL 1992).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Burden of Proof on the Issues – Affirmative Defenses**

The Plaintiff has the burden of proving each of the following propositions:

- First, that the Defendant acted or failed to act in one of the ways claimed by the Plaintiff as stated to you in these instructions and that in so acting, or failing to act, the Defendant was negligent;

- Second, that the Plaintiff was injured;

- Third, that the negligence of the Defendant was a proximate cause of the injury to the Plaintiff.

In this case, Defendant has asserted the affirmative defense that the Plaintiff's injuries were caused by other parties over whom this Defendant could not exercise control and those parties are the sole proximate cause of the Plaintiff's injuries. The Defendant has the burden of proving this affirmative defense.

If you find from your consideration of all the evidence, that any one of the propositions that the Plaintiff is required to prove has not been proved, or that the Defendant's affirmative defense has been proved, then your verdict shall be for the Defendant. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proved and that the Defendant's affirmative defense has not been proved, then your verdict shall be for the Plaintiff.

Defendant's Proposed Instruction No. 33

Authority:  IPI B21.03 (modified by deleting contributory negligence)

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**No Need to Consider Damages**

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

Defendant's Proposed Instruction No. 34

Authority:  7th Cir. PI 1.31

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Measure of Damages – Personal**

If you decide for the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of the Defendant, taking into consideration the nature, extent, and duration of the injury.

- Loss of a normal life experienced and reasonably certain to be experienced in the future.
- Shortened life expectancy.
- The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.
- The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Defendant's Proposed Instruction No. 35

Authority:  IPI 30.01, 30.04.01, 30.04.05, 30.05, 30.06

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Loss of a Normal Life**

When I use the express "loss of a normal life," I mean the temporary or permanent diminished ability to enjoy life.  This includes a person's inability to pursue the pleasurable aspects of life.

Defendant's Proposed Instruction No. 36

Authority: IPI No. 30.04.02

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Damages Arising in the Future – Discount to Present Cash Value**

In computing the damages arising in the future because of future medical expenses you must determine their present cash value.  "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses at the time in the future when the expenses must be paid.

Damages for pain and suffering, loss of a normal life, loss of society, companionship, and sexual relations are not reduced to present cash value.

Defendant's Proposed Instruction No. 37

<u>Authority</u>: IPI No. 34.02

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Damages Arising in the Future—Mortality Tables as Evidence of Damages**

According to a table of mortality in evidence, the life expectancy of a person aged 79 years is ___ years.  This figure is not conclusive.  It is the average life expectancy of persons who have reached the age of 79. It may be considered by you in connection with other evidence relating to the probable life expectancy of the Plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Defendant's Proposed Instruction No. 38

<u>Authority</u>: IPI No. 34.04

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Selection of Presiding Juror; General Verdict Form**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendant's Proposed Instruction No. 39

Authority: 7th Cir. PI 1.32

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Communication with the Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Defendant's Proposed Instruction No. 40

Authority: 7th Cir. PI 1.33

Agreed:__x__ Not Agreed:_____ Agreed with modifications:_____

Given_____ Refused_____

INSTRUCTION NO. _____

**Disagreement Among Jurors**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Defendant's Proposed Instruction No. 41

Authority: 7th Cir. PI 1.34

Agreed:__x__ Not Agreed:____ Agreed with modifications:_____

Given_____ Refused_____

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P**.


_____ _/s/ Jacob Sawyer_ _____

Daniel G. Donahue    # 6193558
Jacob D. Sawyer     # 6281475
55 W. Monroe St., Ste. 3430
Chicago, IL 60603
(312) 254-3801
(312) 254-3801 [FAX]

Attorneys for Defendant
**CBS Corporation, a Delaware corporation,
f/k/a Viacom, Inc., successor by merger to
CBS Corporation, a Pennsylvania, f/k/a
Westinghouse Electric Corporation**

E-FILED
Tuesday, 17 December, 2013  02:50:15 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO VI)                              )     Case No.:  **94-2282**
——————————————————  )
                                                          )     *Remanded from PA-ED 08-CV-92034*
KINSER v. AC AND S, INC., et al.             )
                                                          )
——————————————————  )

### DEFENDANT CBS CORPORATION'S DESIGNATIONS
### OF THE DEPOSITIONS OF ARTHUR KLEINRATH

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("CBS Corporation"), hereby provides its designations of the Arthur Kleinrath depositions as follows:

**November 14, 2011:**

Designations:

| Page.Line | to | Page.Line |
|-----------|----|-----------|
| 11:19     |    | 12:23     |
| 13:2      |    | 13:13     |
| 14:1      |    | 17:7      |
| 17:25     |    | 18:4      |
| 18:11     |    | 18:25     |
| 19:10     |    | 20:12     |
| 31:15     |    | 32:14     |
| 36:22     |    | 37:12     |
| 59:8      |    | 59:13     |

CBS Corporation designates the deposition video excerpts that correspond to the above page and line number designations.

**November 29, 2011:**

Designations:

| Page.Line | to | Page.Line |
|-----------|----|-----------|
| 9:16 | | 10:3 |
| 14:17 | | 15:9 |
| 15:12 | | 15:18 |
| 15:22 | | 15:25 |
| 16:4 | | 16:12 |
| 17:9 | | 17:24 |
| 19:9 | | 21:6 |
| 48.15 | | 49:6 |
| 49:15 | | 49:24 |
| 50:4 | | 50.13 |
| 58:16 | | 60:9 |
| 60:18 | | 60:24 |
| 61.12 | | 61:17 |
| 63.11 | | 64.15 |
| 65.3 | | 65.13 |
| 65.18 | | 66:18 |
| 67:1 | | 67:14 |
| 67:20 | | 68:10 |
| 69.1 | | 69:9 |
| 69:12 | | 70:19 |
| 70:22 | | 70.23 |
| 71:1 | | 71:9 |
| 91:25 | | 92:14 |
| 92:20 | | 93:3 |

CBS Corporation designates the deposition video excerpts that correspond to the above page and line number designations.

**February 14, 2012:**

Designations:

| Page.Line | to | Page.Line |
|-----------|----|-----------|
| 11:14 | | 12:3 |
| 12:11 | | 12:22 |
| 78:2 | | 78:19 |

|       |        |
|-------|--------|
| 83:7  | 84:4   |
| 99:5  | 99:14  |
| 114:21| 115:3  |
| 123:11| 123:15 |

CBS Corporation designates the deposition video excerpts that correspond to the above page and line number designations.

CBS Corporation reserves the right to make additions and/or deletions to this Designation between now and trial, depending on the outcome of discovery and/or further fact investigation.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P**.

*/s/ Jacob Sawyer*

| | |
|---|---|
| Daniel G. Donahue | # 6193558 |
| Jacob D. Sawyer | # 6281475 |

55 W. Monroe St., Ste. 3430
Chicago, IL 60603
(312) 254-3801
(312) 254-3801 [FAX]
Attorneys for Defendant
**CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania, f/k/a Westinghouse Electric Corporation**



**E-FILED**
Tuesday, 17 December, 2013  02:50:15 PM
Clerk, U.S. District Court, ILCD

## <u>Exhibit I: Plaintiffs' Prior Testimony Designations</u>

Plaintiff submits the following prior testimony designations:

1.    Arthur Kleinrath, November 14, 2011 (video)
2.    Arthur Kleinrath, November 29, 2011 (video)
3.    Arthur Kleinrath, February 13, 2012 (video)
4.    Arthur Kleinrath, February 14, 2012 (video)
5.    Mark Perriello, September 9, 2004
6.    Richard Smith, January 15, 2010
7.    Richard Smith, October 6, 2011
8.    Frank Parker, November 21, 2013 (video)
9.    Arnold Brody, September 30, 2013 (video)
10.   Barry Castleman, April 4, 2013 (video)

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/2013

**Arthur Kleinrath**
United States District Court, Eastern District of Pennsylvania
MDL Docket No. MDL-875
November 14. 2011

| Beginning Page:Line | Ending Page:Line |
| --- | --- |
| 11:19 | 18:10 |
| 24:9 | 25:14 |
| 55:11 | 63:22 |
| 74:14 | 75:14 |
| 94:2 | 95:9 |
| 95:23 | 96:4 |
| 97:9 | 97:18 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
12/13/2013

**Arthur Kleinrath**
United States District Court, Eastern District of Pennsylvania
MDL Docket No. MDL-875
November 14. 2011

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 20:25 | 21:15 |
| 21:18 | 22:4 |
| 23:14 | 23:19 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/13

**Arthur Kleinrath**

United States District Court, Eastern District of Pennsylvania
MDL Docket No. MDL-875
November 29. 2011

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 84:4 | 84:13 |
| 85:3 | 85:21 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/2013

**Arthur Kleinrath**
United States District Court, Eastern District of Pennsylvania
MDL Docket No. MDL 875
February 14. 2012

| Beginning Page:Line | Ending Page:Line |
| --- | --- |
| 106:10 | 106:14 |
| 107:6 | 107:9 |
| 107:12 | 107:25 |
| 108:1 | 108:6 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/2013

**Mark Perriello**

State of Wisconsin, Milwaukee County, Circuit Court: Branch 28

Vicki Yerkey v. Viacom, et al.

September 9, 2004

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 7:7 | 8:4 |
| 16:3 | 17:6 |
| 22:15 | 22:19 |
| 23:21 | 24:5 |
| 30:7 | 30:9 |
| 31:4 | 33:3 |
| 38:24 | 41:6 |
| 44:13 | 44:15 |
| 52:22 | 53:6 |
| 61:4 | 63:15 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/2013

**Richard Smith**
State of New Mexico, County of Bernanillo, Second Judicial District Court
Dobell v. Public Service of New Mexico, et al.
January 15, 2010

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 7:13 | 8:13 |
| 27:10 | 28:11 |
| 28:13 | 28:19 |
| 28:21 | 28:21 |
| 47:23 | 48:2 |
| 48:4 | 48:16 |
| 48:18 | 49:13 |
| 49:15 | 49:20 |
| 52:6 | 52:17 |
| 52:20 | 53:4 |
| 53:6 | 54:2 |
| 68:19 | 68:23 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
5/3/2013

**Richard Smith**

United States District Court, Eastern District of Pennsylvania
MDL Docket No. MDL-875
October 6, 2011

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 9:21 | 10:14 |
| 12:23 | 14:5 |
| 24:25 | 26:14 |
| 35:23 | 36:7 |
| 37:18 | 39:20 |
| 39:23 | 39:25 |
| 64:23 | 65:4 |
| 65:6 | 65:12 |
| 76:15 | 76:19 |
| 76:23 | 77:23 |
| 77:25 | 78:6 |
| 78:9 | 78:9 |
| 79:21 | 80:1 |
| 81:17 | 82:9 |
| 83:25 | 84:4 |
| 84:10 | 84:24 |
| 91:18 | 91:22 |
| 92:7 | 92:25 |
| 93:3 | 93:8 |
| 94:18 | 94:21 |
| 94:23 | 94:25 |
| 95:2 | 95:12 |
| 95:16 | 95:25 |
| 96:18 | 96:21 |
| 97:3 | 97:9 |
| 97:16 | 97:20 |
| 97:22 | 98:13 |
| 98:16 | 98:21 |
| 99:2 | 99:22 |
| 127:7 ("Did...") | 127:10 |
| 127:15 | 127:18 |
| 127:21 | 128:19 |
| 149:6 | 149:18 |

Kinser, et al., v. CBS Corp.
Prepared by CVLO
12/13/2013

**Frank Parker**
United States District Court, Central District of Illinois
Larry Kinser, et al., v. Anchor Packing Co., et al.
November 21, 2013

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 8:17 | 297:7 |

Note: entire testimony designated, subject to removal of objections and comments of counsel.

Kinser, et al., v. CBS Corp.
Prepared by CVLO
12/13/2013

**Arnold Brody**

United States District Court, Central District of Illinois
Larry Kinser, et al., v. Anchor Packing Co., et al.
September 30, 2013

| Beginning Page:Line | Ending Page:Line |
|---|---|
| 5:6 | 123:25 |

Note: Entire testimony designated, subject to removal of objections and comments of counsel.

Kinser, et al., v. CBS Corp.
Prepared by CVLO
12/17/2013

**Barry Castleman**

United States District Court, Northern District of Illinois

Deon Wright v. CBS Corporation, et al.

April 4, 2013

Beginning Page:Line    Ending Page:Line
6:8                    109:4

Note: Entire testimony designated, subject to removal of objections and comments of counsel.


E-FILED
Tuesday, 17 December, 2013  02:50:15 PM
Clerk, U.S. District Court, ILCD

**<u>Exhibit J: Other Stipulations</u>**

1. Expert reports will not be provided to the jury for deliberations.