E-FILED

Thursday, 09 January, 2014  02:13:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

LARRY A. KINSER  and  DONNA KINSER,

FILED

JAN - 8 2014

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PLAINTIFFS,

VS.                                                   94-2282

CBS CORP.

DEFENDANT.

## STATEMENT TO THE VENIRE AT JURY SELECTION

This is a civil action for money damages between citizens of different states.  The plaintiffs, Larry Kinser and Donna Kinser, claim that the defendant, CBS Corp., the legal successor  to Westinghouse Corporation, negligently exposed Larry Kinser to asbestos inhalation in his work place and that as a result, Larry Kinser was afflicted with medical lung conditions that are life shortening and disabling.  Larry Kinser further claims that he has suffered damages and that CBS was a proximate cause of his damage. The plaintiff, Donna Kinser, is the wife of Larry Kinser.  She claims that she has suffered damage through her husband's loss of health and that CBS is a proximate cause of that

1

damage.  Mr. and Mrs. Kinser are represented by Robert G. McCoy of Chicago.

The defendant, CBS Corp., is represented by Sandra Ezell of Richmond, Virginia, Paula Burlison of Columbia, South Carolina, and Jacob Sawyer of Chicago.  CBS Corp. denies that Westinghouse exposed Larry Kinser to asbestos inhalation, and denies that any conduct on its part caused the plaintiff's lung condition.  CBS further denies that any conduct on its part was a proximate cause of Larry Kinser's claimed damages or to the damages claimed by his wife.

As proposed in the final pretrial order:

Statement of case (for jury): This claim is brought by Plaintiffs Larry Kinser and Donna Kinser against defendant CBS Corporation, the legal successor to Westinghouse Corporation. Larry Kinser claims to have suffered lung problems caused by exposure to asbestos and cigarette smoking. Plaintiffs contend Westinghouse is responsible for some portion of his asbestos exposure. Plaintiffs claim damages for the injuries they contend were caused by this exposure. Defendant denies that Mr. Kinser was exposed to asbestos containing products for which Westinghouse is responsible. Defendant claims Mr. Kinser's lung problems were caused by his smoking. Defendant also denies that Mr. Kinser is entitled to all the damages associated with other non-lung diseases which he now claims. Defendant claims that if Mr. Kinser was exposed to asbestos, and that exposure was a substantial factor in causing his alleged lung problem, that there will be no proof it was from a Westinghouse source.

The parties' proposed statement misstates the law of proximate cause.