2:94-cv-02282-HAB-DGB  # 149    Page 1 of 6
2:94-cv-02282-HAB-DGB  # 133-9    Page 30 of 44
E-FILED
Thursday, 23 January, 2014  11:22:23 AM
Clerk, U.S. District Court, ILCD

INSTRUCTION NO. _____

**Proximate Cause – Warnings**

To show proximate cause as to a failure to warn claim, Plaintiff must show that the presence of the warnings and instructions that Plaintiff claims should have been given by Westinghouse would have prevented Plaintiff's damages had they been given.

Defendant's Proposed Instruction No. 28

Authority: Non-pattern. *Broussard v. Houdaille Indus., Inc.,* 183 Ill. App. 3d 739, 539 N.E.2d 360 (First District 1989); *Kirstein v. W.M. Barr & Co., Inc.,* 983 F. Supp. 753, 762 (N.D. Ill. 1997).

Agreed:_____ Not Agreed:__x__ Agreed with modifications:_____

Given_____ Refused X___

## 10.04   Duty To Use Ordinary Care--Adult--Defendant

It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of [the plaintiff] [and] [the plaintiff's property]. That means it was the duty of the defendant to be free from negligence.

### Notes on Use

The instruction should be used in conjunction with IPI 10.02 defining "ordinary care," if the defendant is over the age of 18 or is a minor engaged in certain activities. If the defendant is a minor (and is not engaged in one of those activities), use IPI 10.05 and 10.01 defining "negligence." As to the activities in which an adult standard will be applied, see Comment to IPI 10.05.

In a wrongful death or survival action, substitute "decedent" or decedent's name in place of "plaintiff" whenever appropriate.

**Comment**

This instruction is modified to conform with IPI B10.03 which defines the plaintiff's duty. Although "negligence" is defined in IPI 10.01, there is no other instruction which informs the jury that the defendant has a duty to be free from negligence.

refused

When you retire to the jury room, you will first select a foreperson.  He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions.  After you have reached your verdict, fill in and sign the appropriate form of verdict and return it to the court.  Your verdict must be signed by each of you.  You should not write or mark upon this or any of the other instructions given to you by the court.

If you find that Larry Kinser has failed to meet his burden to prove by a preponderance of the evidence any of the following:  1) that CBS/Westinghouse acted or failed to act in one or more of the ways claimed; 2) that Larry Kinser was injured and sustained damages; or 3) that the alleged negligence of CBS/Westinghouse was a proximate cause of Larry Kinser's injuries and damages, then you should use Verdict Form A.

If you find that Larry Kinser has met his burden to prove by a preponderance of the evidence that CBS/Westinghouse was negligent and that such negligence was a proximate cause of Larry Kinser's injury and damages, and if you also find that Larry Kinser's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A.

If you find that another person or factor is the sole [total] proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A.

If you find that Larry Kinser has met his burden to prove by a preponderance of the evidence that CBS/Westinghouse was negligent and that such negligence was a proximate cause of Larry Kinser's injury and damages, and if you further find that Larry Kinser's injury or damage was proximately caused by a combination of CBS/Westinghouse's negligence and Larry Kinser's contributory negligence, and that Larry Kinser's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

Defendant's Proposed Instruction, Verdict Form

Authority:  IPI B45.01, *Instruction on Use of Verdict Forms—Negligence Only—Single Plaintiff and Defendant* (modified to track Court's proposed order of proposed verdict forms, as well as to add "burden of proof" and "preponderance of the evidence" language consistent with Court's proposed instructions, as well as to add sentence about "sole proximate cause" that is consistent with IPI 12.04 and 12.05).

Agreed:_____  Not Agreed:_____  Agreed with modifications:_____

Given_____  Refused  X_____

Plaintiffs' Instruction No. 53
IPI B45.03 Instruction on Use of Verdict Forms —Negligence Only--Single Plaintiff and Multiple
Claimed Tortfeasors (modified)
Agreed: _____ Disputed: _____ Agreed with modifications: _____
Given: _____ Refused: _____ Given with modifications: _____

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdicts must be unanimous.

Forms of verdicts for each claim are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms and return them to the court. Your verdicts must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

The parties in this case are

Plaintiffs: Larry and Donna Kinser
Defendant: CBS Corporation as successor to Westinghouse Corporation

If you find for Larry Kinser and against CBS/Westinghouse and if you further find that Larry Kinser was not contributorily negligent, then you should use Verdict Form A, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Donna Kinser and against CBS/Westinghouse and if you further find that Donna Kinser was not contributorily negligent, then you should use Verdict Form A2, writing in "0%" on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find for Larry Kinser and against CBS/Westinghouse and if you further find that Larry Kinser's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Larry Kinser's contributory negligence, and that Larry Kinser's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A.

If you find for Donna Kinser and against CBS/Westinghouse and if you further find that Donna Kinser's injury was proximately caused by a combination of the negligence of CBS/Westinghouse and Donna Kinser's contributory negligence, and that Donna Kinser's contributory negligence was 50% or less of total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form A2, writing in the percentage of the plaintiff's contributory negligence on Line "(a)" of Paragraph "Second" of Verdict Form A2.

If you find in favor of defendant or that Larry Kinser's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

If you find in favor of defendant or that Donna Kinser's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B2.

refused

### 3.03   Insurance/Benefits

Whether a party is insured or not insured has no bearing on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance.

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive. After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

*Instruction, Notes and Comment revised October 2007.*

### Notes on Use

The Committee believes that this instruction should be given in all cases where insurance could play a role in the decision of the jury. With the wide prevalence of liability insurance, medical insurance or government benefits such as Medicaid or Medicare, many jurors question the role of insurance in contested accident, medical negligence or other cases. This phenomenon has been demonstrated by the Arizona Jury Project, and is well-known to judges and practitioners on an anecdotal basis. *See* Diamond et al., "Jury Ruminations on Forbidden Topics," 87 Va. L. Rev. 1857 (2001).

The failure to give the former 30.22 was held to be reversible error in *Baraniak v. Kurby*, 371 Ill.App.3d 310 (1st Dist. 2007).

### Comment

This instruction combines the former 3.03 and 30.22.  In a case where there is no mention of insurance throughout the trial, the giving of 3.03 was held not to be an abuse of discretion as the instruction accurately reflects Illinois law.  See *Auten v. Franklin*, 404 Ill.App.3d 1130, 942 N.E.2d 500, 347 Ill.Dec. 297 (4th Dist. 2010).

*Comment revised December 2011.*

refused