E-FILED
Thursday, 23 January, 2014  11:23:40 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

JAN 2 2 2014

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY A. KINSER and DONNA KINSER,   ) ) ) | |
| Plaintiffs,   ) ) | |
| vs.   ) ) | Case No. 94-2282 |
| CBS CORP.,   ) ) | |
| Defendant.   ) | |

## JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulated facts.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts. Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose.

You should not do any independent investigation or research on any subject relating to the case. What you may have seen or heard outside the courtroom is not evidence. This includes any press, radio, or television programs and it also includes any information available on the Internet. Such programs, reports, and information are not evidence and your verdict must not be influenced in any way by such material.

For example, you must not use the Internet, including Google, Wikipedia, or any other sources that you might use every day, to search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, witnesses, lawyers, and judge.

You are to disregard any evidence concerning which I have sustained an objection or which I ordered stricken. Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear, or public opinion. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence. If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling or remark which I have made, do I or have I meant to indicate any opinion as to the facts.

The defendant is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his or her employment is the action or omission of the defendant corporation.

The corporate defendant in this case is entitled to the same fair and unprejudiced treatment as an individual would under like circumstances, and you should decide the case with the same impartiality you would use in deciding a case between individuals.

The plaintiffs, Larry Kinser and Donna Kinser, claim that they were injured and suffered damages and that the defendant, CBS Corp., the legal successor to Westinghouse Corporation, negligently failed at the Zion, Illinois Atomic Power Plant to act in one or more of the following ways:

1.     Negligently failed to warn Larry Kinser, his co-workers  or employers, adequately of the health hazards of exposure to asbestos;

2.     Negligently failed to investigate or to test adequately for the health hazards of asbestos containing products or equipment;

3.     Negligently failed to instruct Larry Kinser, his co-workers or employers, adequately about precautionary measures necessary to prevent exposure to asbestos;

4.     Negligently failed to exercise ordinary care in designing, manufacturing, or supplying asbestos containing products instead of substitute materials;

5.     Negligently failed to direct work safely over which the defendant retained some measure of control over safety.

The plaintiffs further claim that one or more of the foregoing was a proximate cause of their claimed injuries and damages.

The defendant denies that it did any of the things claimed by the plaintiffs and denies that it was negligent.  It denies that any claimed act or omission of the defendant was a proximate cause of any of the claimed injuries and damages.   It further denies that the plaintiffs have been damaged or injured to the extent claimed by the plaintiffs.  Further, the defendant claims that the plaintiffs were contributorily negligent and that their contributory negligence was a proximate cause of their claimed injuries and damages.

When I use the word "negligence" in these instructions I mean the failure to do something that a reasonably careful person would do or the doing of something that a reasonable careful person would not do, under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

When I use the expression "contributory negligence" in these instructions I mean negligence on the part of the plaintiffs that proximately contributed to cause the alleged injuries and damages claimed by the plaintiffs.

When I use the term "ordinary care" I mean the care a reasonably careful person would use under the circumstances similar to those shown by the evidence . The law does not say how a reasonably careful person would act under those circumstances. That is for you to determine.

It was the duty of the defendant, before and at the times of the occurrences in question, to use ordinary care for the safety of the plaintiffs.

It was the duty of the plaintiff, Larry Kinser, to use ordinary care for his own safety.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

There are two types of evidence:  direct and circumstantial.  Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness.  An example of direct evidence that it is raining  is a person who comes in and says, "I was outside and I saw it raining."  Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved.  An example of circumstantial evidence that it is raining is a person entering a room carrying a wet umbrella.  The law makes no distinction between the weight to be given either direct or circumstantial evidence.  Therefore, all of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

Part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

1.    Ask yourself if the witness was able to see or hear the events clearly. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.    Ask yourself how good the witness' memory seemed to be. Did the witness seem able to remember accurately what happened?

3.    Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4.    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5.    Ask yourself if the witness had any relationship to the plaintiffs or the defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask

16

yourself if this makes the witness' testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7.  And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

When I use the expression "proximate cause," I mean any cause which triggers a natural chain of events that ultimately produces the damages or injury for which the plaintiffs seek to recover in this case. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause or causes acting at the same time, which in combination with it, causes the injury and damages.

More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its' negligence was a proximate cause of the injury to the plaintiffs, then, it is not a defense that some third person, who is not a party to the case, may also have been to blame.

However, if you decide that the total proximate cause of the injury to the plaintiffs was the conduct of a  person or of persons other than the defendant, then your verdict should be for the defendant.

When I say that a party has the "burden of proof" on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the propositions on which that party has the burden of proof are more probably true than not true.

In a civil case lawyers sometimes talk about the preponderance of the evidence or the weight of the evidence. That is an accurate statement about the definition of burden of proof, but what is more probably true than not true is more understandable. The evidence to sustain the burden of proof cannot be evenly balanced. It must persuade you that something is more probably true than not true.

The plaintiffs have the burden of proving each of the following propositions in their claim against the defendant:

First, that the defendant acted or failed to act in one or more of the ways claimed by the plaintiffs;

Second, that the plaintiffs were injured and sustained damages; and

Third, that the negligence of the defendant was a proximate cause of the injuries and damages to the plaintiffs.

If you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for the defendant.

On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiffs were contributorily negligent.

As to that claim, the defendant has the burden of proving each of the following propositions:

A.   That the plaintiffs acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions, and that in so acting or failing to act, the plaintiffs were negligent.

B.   The plaintiffs' negligence was a proximate cause of the plaintiffs' claimed injuries and damages.

If you find from your consideration of all the evidence that the plaintiffs have proved each of the propositions required of the plaintiffs and that the defendant has not proved both of the propositions required of the

defendant, then your verdict should be for the plaintiffs and you shall not reduce the plaintiff's damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiffs' contributory negligence was more than 50% of the total proximate cause of the injures or damage for which recover is sought, then your verdict should be for the defendant.

If you find from your consideration of all the evidence that the plaintiffs have proved all of the propositions required of the plaintiffs and that the defendant has proved all of the propositions required of the defendant and if you find that the plaintiffs' contributory negligence was 50% or less of the total proximate cause of the damage or injury for which recovery is sought, then your verdict shall be for the plaintiffs and you shall reduce the plaintiffs' damages in the manner stated to you in these instructions.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

If you find in favor of the plaintiff, Larry Kinser, on the question of liability, you must then fix the amount of money that will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant:

1.    The nature, extent and duration of the injury;

2.    The loss of a normal life experienced and reasonably certain to be experienced in the future;

3.    The increased risk of future lung cancer and mesothelioma resulting from the injury;

4.    The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;

5.    The reasonable expense of necessary medical care treatment and services received and the present cash value of the medical care, treatment and services reasonably certain to be received in the future;

6.    The value of time and earnings lost;

7.    The emotional distress experienced and reasonably certain to be experienced in the future.

Whether any of these damages has been proved by the evidence is for you to determine.

26

When I use the expression "loss of a normal life," I mean the temporary or permanent diminished ability to enjoy life.  This includes a person's inability to pursue the pleasurable aspects of life.

If you decide for the plaintiff, Donna Kinser, on the question of liability, you must then fix the amount of money that will reasonably and fairly compensate her for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant:

1.   Loss of society.

Whether this damage has been proved by the evidence is for you to determine

If you decide for the defendant on the question of liability, you will have no occasion to consider the question of damages.

If you find that a plaintiff is entitled to damages arising in the future because of injuries or because of future  medical care or because of loss of society, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiff, Larry Kinser, and his spouse are likely to live.

In computing the damages arising in the future because of future medical expenses,  you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the expenses at the time in the future when the expenses must be paid.

Damages for pain and suffering, disability, loss of a normal life, and loss of society are not reduced to present cash value.

According to a table of mortality in evidence, the life expectancy of a male person aged 79 years is 8.5 years. This figure is not conclusive. It is the average life expectancy of persons who have reached the age of 79. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff, Larry Kinser, in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

When you retire to the jury room, you must first select one of your members as presiding juror.  He or she will preside during your deliberations.  Your verdicts must be unanimous and signed by each of you, including the presiding juror.  Your answers to the special interrogatories must also be unanimous and signed by each of you, including the presiding juror.  Forms of verdicts and special interrogatories are supplied for your convenience.

If you find from your consideration of all the evidence that Larry Kinser has failed to prove each of the propositions required of him in these instructions, then you should use Verdict Form A.

If you find from your consideration of all the evidence that Larry Kinser has proved each of the propositions required of him in these instructions, then you should use Verdict Form B-1.

If you also find that Donna Kinser has proved each of the propositions required of her in these instructions, then you should use both Verdict Forms B-1 and B-2.

Whether you use Verdict Form A, B-1, or B-2, you should then proceed to answer the special interrogatories.

The forms are as follows:

## VERDICT FORM A

We, the jury, find in favor of the defendant, CBS/Westinghouse, and against the plaintiffs, Larry Kinser and Donna Kinser.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Presiding Juror                                    _____

## VERDICT FORM B-1

We, the jury find for Larry Kinser and against CBS/Westinghouse and further find the following:

First:  Without taking into consideration the question of reduction of damages due to the negligence of Larry Kinser or the legal responsibility of other entities, we find that the total amount of damages suffered by Larry Kinser as a proximate result of the occurrence in question is $_____.

Itemized as follows:

The reasonable expense of past medical and medically related expenses: $_____

The present cash value of the reasonable expenses of medical care, treatment, and services reasonably certain to be received in the future: $_____

The loss of a normal life experienced and reasonably certain to be experienced in the future: $_____

Increased risk of lung cancer or mesothelioma: $_____

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries: $_____

The emotional distress experienced and reasonably certain to be experienced in the future: $_____

The value of time and earnings lost: $_____

PLAINTIFF'S TOTAL DAMAGES: $_____

Second: Assuming that 100% represents the total combined legal responsibility of all entities that proximately caused Larry Kinser's injury, we find the percentage of legal responsibility attributable to each as follows:

a)   Larry Kinser                              _____%

b)   CBS/Westinghouse                     _____%

c)   Other                                      _____%
(includes: coworkers working with asbestos, second hand smoke)

Third:  After reducing plaintiffs' total damages from paragraph First by the percentage of negligence attributable, if any, of Larry Kinser in paragraph Second, we award Larry Kinser recoverable damages in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
Presiding Juror

36

VERDICT FORM B-2

We, the jury find for Donna Kinser and against CBS/Westinghouse and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of Donna Kinser or legal responsibility of other entities, we find that the total amount of damages suffered by Donna Kinser as a proximate result of the occurrence in question is $_____ .

     Itemized as follows:

Loss of society:                                            $_____

PLAINTIFF'S TOTAL DAMAGES                $_____

Second:  Assuming that 100% represents the total combined legal responsibility of all entities that proximately caused Donna Kinser's injury, we find the percentage of legal responsibility attributable to each as follows:

a)   Donna Kinser                              _____%
b)   CBS/Westinghouse                      _____%
c)   Other                                          _____%
(includes: coworkers working with asbestos, second hand smoke)

37

Third:  After reducing plaintiff's total damages from paragraph First by the percentage of negligence attributable, if any, of Donna Kinser in paragraph Second, we award Donna Kinser recoverable damages in the amount of $_____.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

Presiding Juror

## SPECIAL INTERROGATORIES

1.    We, the jury, find that the conduct of CBS/Westinghouse was/was not a proximate cause of Larry Kinser's present lung condition.

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____
Presiding Juror


2.    We, the jury, also find that the conduct of others working with asbestos at the job sites where Larry Kinser spent his working life was/was not a proximate cause of his present lung condition.

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____
Presiding Juror

3.    We, the jury, further find that Larry Kinser's lifetime smoking habits were/were not a proximate cause of his present lung condition.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Presiding Juror

4.    Considering that 100% represents the total conduct that caused the present lung condition of Larry Kinser, or stated another way, the total proximate cause of Larry Kinser's present lung condition, we, the jury, makes the following findings of causation:

Larry Kinser's smoking                _____ %
Second hand smoke                     _____ %
CBS/Westinghouse                      _____ %
Coworkers  working with asbestos      _____ %

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Presiding Juror