UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY A. KINSER & DONNA M. KINSER,

       Plaintiffs,       Docket No. 94-2282

  vs.                      Urbana, Illinois
                             January 23, 2014
                             9:00 a.m.

CBS CORP., successor by
merger to CBS Corporation,
formerly known as Viacom, Inc.,
formerly known as Westinghouse
Electric Corporation,

       Defendant.


JURY TRIAL -- Deliberation Day

BEFORE THE HONORABLE HAROLD A. BAKER
SENIOR UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S :

For the Plaintiffs:    ROBERT G. McCOY, ESQUIRE
                         Cascino Vaughan Law Offices, Ltd.
                         220 South Ashland Avenue
                         Chicago, Illinois 60607
                         312-944-0600

For the Defendant:     SANDRA GIANNONE EZELL, ESQUIRE
                         Bowman and Brooke, LLP
                         901 East Byrd Street, Suite 1650
                         Richmond, Virginia 23219
                         804-649-8200

                         PAULA M. BURLISON, ESQUIRE
                         Bowman and Brooke, LLP
                         1441 Main Street, Suite 1200
                         Columbia, South Carolina 29201
                         803-726-7420

                         JACOB DANIEL SAWYER, ESQUIRE
                         Foley & Mansfield, PLLP
                         55 West Monroe, Suite 3430
                         Chicago, Illinois 60603
                         312-254-3800

1          (In open court; jury absent, 8:36 a.m.)
2          THE COURT: All right. It's January 23, 2014.
3  This is the case of Kinser versus CBS Corp., Case Number
4  94-2282. Same appearances that have been made throughout
5  the case by counsel.
6          The jury is not present and will not be here
7  for another 25 minutes. It's 8:35.
8          Now, I understand that there is some discussion
9  between counsel for the plaintiff and defendant that Mr.
10 McCoy came up with a yellow highlighter, which has been
11 reported to me by the court security officer present, and
12 made a highlight mark on some exhibit.
13         What exhibit was that?
14         MR. McCOY: Exhibit 100A.
15         THE COURT: And what exactly did you do, Mr.
16 McCoy?
17         MR. McCOY: I didn't actually change this
18 exhibit. I was just checking to make sure --
19         THE COURT: Did you, did you put a mark on it?
20         MR. McCOY: I didn't change it.
21         THE COURT: Okay. Did you have a marker in
22 your hand at --
23         MR. McCOY: I did have a marker.
24         THE COURT: Okay. But you didn't mark it?
25         MR. McCOY: No.

1             THE COURT: Ms. Ezell, do you want to be heard?

2             MS. EZELL: I would just state that there's no

3    way for me to know. There's a big pile of exhibits. All

4    of the defense exhibits that are both going to the jury

5    and the exhibits that are not going to the jury are

6    sitting in a pile. Mr. McCoy went up to the pile. He

7    approached the pile.

8             It's impossible for me to know what exhibit he

9    marked on. It's impossible for me to know what exhibit

10   he didn't mark on. The Court officer has reported that

11   he, in fact, believes he did see him mark. That is

12   consistent with what I thought I saw as well.

13            I do not know why Mr. McCoy would approach this

14   pile of admitted evidence with a marker in hand. That

15   would be completely inappropriate in any event. I cannot

16   now tell, based on my own recollections, whether or not

17   there has been a change or there has not been a change;

18   but I would just note for the record that this is highly

19   inappropriate.

20            THE COURT: Well, let me say that you're both

21   officers of the Court. You both have every right to be

22   in the courtroom. You both have every right to look at

23   the exhibits that are on the tray in front of the -- the

24   ledge in front of the clerk.

25            And I, I am -- you know, it's an unfortunate

1  occurrence.  I can't attribute wrong to either Mr. McCoy
2  or any reason you shouldn't be upset about it, and I'll
3  just leave it at that.
4          Now, back on the, what we're doing in this
5  case, will the clerk read into the record, please, the
6  exhibits to be carried from the bar, the plaintiffs'
7  exhibits, and everybody look at your list to make sure
8  that we are in agreement together.
9          DEPUTY CLERK:  Just as a nice reminder, please
10 make sure that you speak in the microphones when
11 addressing any situation to the Court, for the recording.
12         Plaintiffs' exhibits to be carried from the
13 bar:
14         63.
15         100.
16         100A.
17         104.
18         110.
19         118.
20         126.
21         129.
22         146.
23         193.
24         194.
25         196.

1              197.

2              199.

3              201.

4              THE COURT: All right. Now, are those

5  sequestered? Where are they?

6              DEPUTY CLERK: I'm sorry, sir. All the

7  exhibits are up front.

8              THE COURT: And are those exhibits that you

9  just read off in a separate batch?

10             DEPUTY CLERK: Last night I spent time

11 organizing them, and they're not in a separate batch.

12 All of plaintiffs' exhibits reside here. All of the

13 defendant's exhibits reside there. I just need to

14 separate them for purposes of going back to the jury.

15             THE COURT: And indicating the, the ledge which

16 runs across the front of the Court, and the, the

17 plaintiffs' are on the north side of the ledge, and the

18 defendant's are on the south side; is that correct?

19             DEPUTY CLERK: Yes.

20             THE COURT: All right.

21             DEPUTY CLERK: I have additional exhibits that

22 need to be carried from the bench for the plaintiff as

23 well.

24             THE COURT: Go ahead.

25             DEPUTY CLERK: Exhibit 623.

```
 1              624.
 2              625.
 3              629.
 4              630.
 5              631.
 6              632.
 7              633.
 8              634.
 9              635.
10              636.
11              650.
12              651.
13              652.
14              653.
15              654.
16              655.
17         And 656.
18         And that concludes the list for Plaintiff.
19         THE COURT:  Any objections?  Mistakes by the
20   clerk?
21         MR. McCOY:  I just want to check one thing,
22   Judge.
23             (Brief pause in proceedings.)
24         MR. McCOY:  That's it, Judge.
25         THE COURT:  All right.  Now, did you have
```

1  anything to say, Ms. Ezell?

2          MS. EZELL:  I have no objection to the numbers

3  that you have indicated, Your Honor.

4          I would only indicate that as it relates to the

5  issue that we previously discussed, that the documents

6  that Mr. McCoy had approached with his highlighter were

7  the documents that we have just called out, the

8  plaintiffs' stack of exhibits.

9          THE COURT:  The clerk will now read into the

10  record the defense exhibits to be carried from the bar.

11          DEPUTY CLERK:  Defendant's Exhibits to be

12  carried from the bar:

13          Exhibit 2222.

14          2284.

15          2285.

16          2286.

17          2298.

18          2317.

19          2318.

20          2319.

21          2320.

22          2321.

23          2322.

24          2323.

25          2324.

1           2325.

2           2326.

3           And 2327.

4           And that concludes Defendant's exhibits.

5           THE COURT:  Any objection?

6           MR. McCOY:  No, Judge.

7           THE COURT:  Do we have them right, Ms. Ezell?

8           MS. EZELL:  Those are the correct numbers, Your

9   Honor.

10          THE COURT:  Okay.

11          DEPUTY CLERK:  Also, we have a joint exhibit

12  list for exhibits; Joint Exhibit 1 also to be carried

13  from the bar.

14          THE COURT:  All right.  Now, when you make

15  your -- please, just a minute.  I'm speaking to the

16  clerk.

17          Make sure those exhibits, all three of them,

18  are out and the others that are not to go are not out

19  there.

20          DEPUTY CLERK:  They're all out there.

21          THE COURT:  That's what I'm saying.  Bring in

22  the ones that are not to go to the jury.  Okay?  Will you

23  do that for me?

24          DEPUTY CLERK:  Yes.

25          THE COURT:  The record should show that the

1   clerk is going from her seat and going out and taking the
2   exhibits that are not to be taken from the bar and
3   sequestering them from the exhibits that are.
4              (Brief pause in proceedings.)
5              THE COURT:  And, Jessi, take whatever time you
6   need.  You want to pause that so we just don't have a big
7   blank space in the tape.
8              (Brief pause in proceedings.)
9              THE COURT:  All right, now, Ms. Winkler, have
10  you accomplished separating them so that they cannot be
11  mixed up?
12             DEPUTY CLERK:  Yes, I have.  The exhibits that
13  are ready to be carried from the bar are currently on the
14  bar.  Everything else is in my possession at the clerk's
15  desk.
16             THE COURT:  Very well.  And we're four jurors
17  short at this point, right?  Okay.  We'll go off the
18  record, and we will wait for the four jurors to show up,
19  and then I'm going to put them all in the box.
20             (Recess, 8:53 a.m. to 8:56 a.m.)
21             THE COURT:  All right.  Have the record show
22  that the court security officer reported the jury is
23  present, and I've ordered they be put into the jury box.
24             The same appearances of counsel are present.
25             (Brief pause in proceedings.)

1           (Jury present, 8:55 a.m.)

2           THE COURT:  Good morning, jurors.

3           The record should show we're recording this

4   digitally because Lisa had to be gone today.

5           The jury has returned to the court; all

6   present.  Counsel present.

7           Go, commence your deliberations, and I will

8   have the clerk bring the exhibits that we received in

9   evidence in to you.  Go ahead.

10          (Deliberations begin, 8:55 a.m.)

11          THE COURT:  Take the exhibits from the bar to

12  the jury room and deliver them.

13          And that's it; we'll be in recess.  Don't go

14  far away.  Keep the clerk advised as to where you are.

15  If they ask a question, I will need to confer with you

16  before I answer it.  We will be in recess.

17          MS. EZELL:  Thank you, Your Honor.

18          (Recess, 8:56 p.m. to 11:30 a.m.)

19          THE COURT:  All right.  This is a continuation

20  of Kinser versus CBS Corp.

21          I'll ask -- I've gotten a -- I'll ask the clerk

22  to read the handwritten question.

23          DEPUTY CLERK:  "Can we change the option for

24  answering interrogatory number 4, coworker working with

25  asbestos (line 4) to include, 'at other job sites'"?

1  Signed, presiding juror.

2          THE COURT:  Read me again the question.

3          DEPUTY CLERK:  Sure.

4          "Can we change the option for answering

5  interrogatory number 4, coworker working with asbestos

6  (line 4) to include 'at other job sites'?"  Signed,

7  presiding juror.

8          THE COURT:  Plaintiff.  What do you say?

9          MR. McCOY:  I actually need to find my

10  instruction and look at it.

11          THE COURT:  Here, come on up and look at it.

12          And you come up, too, Ms. Ezell.

13          LAW CLERK ABRAMS:  And then you can talk into

14  the microphone for Lisa.

15          MS. EZELL:  "Coworkers working with asbestos at

16  other job sites," add it, not delete this?

17          DEPUTY CLERK:  Can we change the option for

18  answering interrogatory 4, "coworkers working with

19  asbestos," to include "at other job sites"?

20          THE COURT:  I don't know why not.  That's my

21  reaction.

22          MS. EZELL:  Your Honor, my only comment is, as

23  you know, we have filed the requisite papers to assure

24  that we are able to achieve, if necessary, all of the

25  requisite set-offs; and I would not want anything related

1   to other job sites in the verdict form to in any way

2   impinge upon that.

3            As long as the language is "coworkers working

4   at other job sites" and that clearly is not going to

5   affect any prior settlements or any prior judgments,

6   or -- I'm sorry -- any prior settlements or --

7            THE COURT:  Set-offs.

8            MS. EZELL:  Set-offs, yes, sir.

9            THE COURT:  That's my reaction.  I don't think

10  it adds anything or detracts anything.  It's just more

11  explicit.  It's workers at other job sites.

12           MS. EZELL:  And as long as we all agree that

13  that's what it would mean, then I have no problem with

14  that.

15           THE COURT:  All right.  I have to answer in

16  writing.

17           Let the record show:  I am going to answer the

18  question; I'm writing out an answer that says "coworkers

19  working with asbestos at other job sites."

20           MS. EZELL:  And can we just get on the record

21  that the plaintiff has no objection to that?

22           THE COURT:  He just said so up front.

23           MR. McCOY:  That's right, Judge, no objection.

24           THE COURT:  Okay.

25           MS. EZELL:  I was just noting that he wasn't at

1  a microphone.
2           (Brief pause in proceedings.)
3           THE COURT:  All right.  Counsel, I've
4  distributed to you, recast, special interrogatory 4,
5  which is a new page 40.
6           Any objection, Mr. McCoy?
7           MR. McCOY:  No objection.
8           THE COURT:  Ms. Ezell?
9           MS. EZELL:  No, sir.
10          THE COURT:  Very well.  Take this back to the
11 jury.
12          And the answer -- where's the answer?
13          LAW CLERK ABRAMS:  The answer's here.
14          THE COURT:  Wait.  I've got to sign it.
15          LAW CLERK ABRAMS:  Oh.
16            (Brief pause in proceedings.)
17          THE COURT:  All right.  Give that to the jury,
18 please.  Thank you.
19           We'll be back in recess now.
20          (Recess, 11:41 a.m. to 11:59 a.m.)
21          THE COURT:  Let the record show:  Counsel's
22 present, and I have directed the court security officer
23 to return the jury to the box where I'm going to ask
24 them:  Do they want to go to lunch?
25            (Brief pause in proceedings.)

1        (Jury present, 12:00 p.m.)

2        THE COURT: All right. Record show: Jury

3    returns to open court.

4        All right, jurors, I just want to ask you a

5    question. Do you want to go to lunch? It's noon. You

6    want to go talk to each other about that? If you do,

7    I'll send you back to the jury room.

8        You want -- what was that?

9        UNIDENTIFIED JUROR: Yes. We'll go to lunch.

10       THE COURT: Take them to lunch, Jessica.

11       We're going to take you across the alley to The

12   Great Impasta.

13       Leave. Noon recess, 12:00 noon, and come back

14   when you're finished; and I'll put you in the box again

15   and tell you to go continue your deliberations.

16       (Recess, 12:01 p.m. to 1:38 p.m.)

17       THE COURT: All right. Now let the record show

18   it's 1:35 p.m.; and the jury, I am told by the court

19   security officer, has returned. I'm putting them back in

20   the box, and we'll tell them to continue their

21   deliberations.

22       Counsel is present; plaintiffs and defendants.

23       (Brief pause in proceedings.)

24       (Jury present, 1:39 p.m.)

25       THE COURT: All right. Jurors, I hope you had

1    a pleasant lunch.  Go and continue your deliberations.

2    That's why I said, "Don't get too comfortable."

3                  (Jury returns to deliberations, 1:39 p.m.)

4              THE COURT:  Let the record show:  The jury

5    retires once more.  It's now 1:39.

6              Okay.  We'll go and wait for the moment of

7    truth.

8                  (Recess, 1:39 p.m. to 2:06 p.m.)

9              THE COURT:  Show we're reassembled.  It's five

10   minutes past 2:00, and counsel for both parties are

11   present; and the jury has told the court security officer

12   they have a verdict.

13             Bring the jury back.

14                  (Brief pause in proceedings.)

15                  (Jury present, 2:08 p.m.)

16             THE COURT:  Presiding juror, has the jury

17   reached a verdict?

18             PRESIDING JUROR:  Yes, we have, Your Honor.

19             THE COURT:  Will you hand it to the court

20   security officer, please.

21             Richard, can you go on down there and take it

22   from him.

23             All right.  The jury's verdict is as follows:

24   "We, the jury, find in favor of the defendant,

25   CBS/Westinghouse, and against the plaintiff, Larry Kinser

1 and Donna Kinser," and it's signed by each of the twelve

2 jurors.

3 In answers to the special interrogatories, 1:

4 "We, the jury, find that the conduct of CBS/Westinghouse

5 was not a proximate cause of Kinser's present lung

6 condition."

7 2: "We, the jury, also find that the conduct

8 of others working with asbestos at the job sites where

9 Larry Kinser spent his working life was a proximate cause

10 of his present lung condition."

11 3: "We, the jury, further find that Larry

12 Kinser's lifetime smoking habits were a proximate cause

13 of his present lung condition," signed by each of the

14 twelve jurors.

15 And the fourth and final question:

16 "Considering that 100 percent represents the total

17 conduct that caused the present lung condition of Larry

18 Kinser, or put another way, was the total proximate cause

19 of Larry Kinser's present lung condition, we, the jury,

20 make the following findings of causation:

21 "Larry Kinser's smoking, 70 percent.

22 "Secondhand smoke, 10 percent.

23 "CBS/Westinghouse, 0 percent.

24 "Contractors working with asbestos at other

25 jobs, 20 percent."

1       Signed by each of the twelve jurors.

2       Do you want me to poll the jury, Mr. McCoy?

3       MR. McCOY:  No, Judge.  We don't need to poll

4  the jury.

5       THE COURT:  All right.  The jury's verdict,

6  then, is received, and so are the special

7  interrogatories.  And for the record, the answers for the

8  special interrogatories are consistent with the general

9  verdict.

10       Judgment on the verdict in favor of the

11  defendant and against the plaintiffs.

12       Thank you for your service in this long case.

13       (Trial concluded, 2:12 p.m.)

14

15            *  *  *  *  *  *  *  *  *

16

17            REPORTER'S CERTIFICATE

18       I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify
   that the foregoing, to the best of my ability, is a
19  correct transcript from the proceedings digitally
   recorded in the above-entitled manner.  I was not
20  personally present for said proceedings.

21       Dated this 3rd day of March, 2014.

22

23            s/Lisa Knight Cosimini
              Lisa Knight Cosimini, RMR-CRR
24            Illinois License # 084-002998

25